**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WESTON PLAZA, LTD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:11-CV-1034-O-BK** |
| | § | |
| **HARTFORD LLOYD'S INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, and RECOMMENDATION**

Pursuant to the District Court's *Order of Reference* (Doc. 10), Plaintiff's *Motion to Remand* is now before the Court for findings, conclusions, and recommendation. After reviewing the motion, responsive pleadings, and applicable law, the Court recommends that Plaintiff's *Motion to Remand* (Doc. 5) be **DENIED**.

**I. BACKGROUND**

On April 15, 2011, Plaintiff Weston Plaza, LTD, filed suit in Texas state court against its insurer, Defendant Hartford Lloyd's Insurance Company (Hartford), for damages arising out of Hartford's denial of a claim for insurance benefits stemming from hail damage. (Doc. 1-1 at 5-8). On May 18, 2011, Defendant removed the case to federal court on the basis of diversity jurisdiction. (Doc. 1). In Defendant's notice of removal, it avers the parties are diverse because Plaintiff is a resident of Texas and all of Defendant's underwriters are citizens of states other than Texas. (Doc. 1 at 2-3; Doc 9 at 2). In addition, Defendant contends there is at least $75,000 in controversy based on Plaintiff's pre-suit demand letter. (Doc. 1 at 4).

1

Plaintiff moved to remand the case back to state court on June 8, 2011.  (Doc. 5).

Plaintiff argues that Defendant is a resident of Texas because its "home city" is Houston, Texas,

and that pursuant to 28 U.S.C. § 1332(c)(1), Defendant is considered a Texas resident.  (Doc. 5).

Defendant responds that 28 U.S.C. § 1332(c)(1) does not apply to this case.  (Doc. 9 at 6).  In

reply, Plaintiff concedes that Defendant is not an actual Texas resident, but argues that Defendant

must show $75,000 in controversy as to every underwriter for a total of $900,000 in controversy,

and that if 28 U.S.C. § 1332(c)(1) does not apply, Plaintiff's right to due process will be violated.

(Doc 11).  The Court allowed Defendant to file a sur-reply, in which it argues that, contrary to

Plaintiff's assertion, it must only show a total of $75,000 in controversy.  (Docs. 13, 14).

## II. APPLICABLE LAW and ANALYSIS

A defendant in a civil action brought in state court may remove the action to federal

district court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).

District courts have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between,

*inter alia*, citizens of different States.  28 U.S.C. § 1332(a).

The court must determine whether jurisdiction exists by considering the claims in the

plaintiff's state court petition as it existed at the time of removal.  *Manguno v. Prudential Prop.*

*& Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The removing party bears the burden of

establishing the facts necessary to show that federal jurisdiction exists.  *St. Paul Reinsurance Co.*

*Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).  If the requirements for federal

jurisdiction are not apparent on the face of the plaintiff's state court petition, the removing

defendant may present facts and evidence in its notice of removal or by affidavit to establish that

2

jurisdiction existed at the time of removal. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

### A. Diversity of Citizenship

Hartford is a special type of business entity created by Texas statute and known as a Lloyd's plan. *See* TEX. INS. CODE §§ 941.001-.702. A Lloyd's plan is "an entity engaged in the business of writing insurance on the Lloyd's plan." TEX. INS. CODE § 941.001. It consists of a group of at least ten underwriters who join together to write insurance policies by executing "articles of agreement." TEX. INS. CODE § 941.051. A Lloyd's plan issues insurance policies by acting through an "attorney in fact." TEX. INS. CODE § 941.052.

The Fifth Circuit Court of Appeals has held that a Lloyd's plan is not a corporation, but is an unincorporated association. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). It is well established that, for the purposes of diversity jurisdiction, an unincorporated association is determined not by its principle place of business or place of organization, but solely by the citizenship of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990); *International Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997). Hartford has submitted evidence that it is an unincorporated association of underwriters and all underwriters are residents and citizens of Connecticut, Washington, or Massachusetts. (Doc. 9-1). In reply, Plaintiff abandoned its initial argument that Hartford is an actual resident of Texas for diversity purposes.

However, Plaintiff argues that Hartford should be <u>deemed</u> a Texas resident pursuant to 28

U.S.C. § 1332(c)(1).[1]  (Doc. 5 at 4-5).  That statute provides:

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that **in any direct action against the insurer of a policy or contract of liability insurance**, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1) (emphasis added).

As the Court of Appeals for the Fifth Circuit explained, by enacting section 1332(c)(1), "Congress intended that wherever a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insuror [sic] without joining the insured and without having first obtained a judgment against the insured." *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 724 (5th Cir.1974).  Consequently, courts have consistently held that the direct action provision in 28 U.S.C. § 1332(c)(1) is inapplicable to suits between the insured and insurer.  *See, e.g., Guerrero v. State Farm Mut. Auto Ins. Co.*, 181 F.3d 97, 1999 WL 346977 at FN. 1 (5th Cir. 1999) (stating that 28 U.S.C. § 1332(c)(1) was "not intended to thwart diversity in suits between an insured and the insured's own insurance company"); *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674-75 (2nd Cir. 1992) ("the general rule is that the [direct action] proviso does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer [] by the insured for failure to pay policy benefits").

Likewise, this Court concludes that the citizenship provisions of section 1332(c)(1) are

---

[1]In its reply, Plaintiff also argues for the first time, and without citing to any authority, that if the Court determines 28 U.S.C. § 1332(c)(1) does not apply, Plaintiff's equal protection rights will be violated.  The Court declines to consider the latter argument since it was raised for the first time in a reply.  *See Ghoman v. New Hampshire Ins. Co.*, 159 F. Supp.2d 928, 936 fn. 2 (N.D.Tex. 2001).

inapplicable to this suit between an insured and its insurer.  To hold otherwise "would be contrary to the purpose of the statute and would result in no federal court's having diversity jurisdiction in a suit between an insured and its diverse-citizen insurer." *Marquis Acquisition, Inc. v. Steadfast Ins. Co.*, 2010 WL 2900339 at FN 2 (N.D. Tex. 2010) (J. Fitzwater).

### B. Amount in Controversy

Section 1332(a) requires, in addition to complete diversity of citizenship, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  Federal courts normally determine the amount in controversy by looking to the plaintiff's state court petition.  *Manguno*, 276 F.3d at 723.  Texas procedural rules, however, prohibit a plaintiff from stating a specific amount of damages sought in the initial petition.  *See* TEX. R. CIV. P. 47.  "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993).  A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723.

Plaintiff avers that Defendant must actually show at least $900,000 in controversy, representing the aggregate total of $75,000 in controversy as to 12 underwriters.  (Doc. 11 at 2-3).  The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that claims which are "separate and distinct" cannot be aggregated to satisfy the amount in controversy.  *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th

Cir.1961).   Moreover, claims against multiple defendants can only be aggregated for the purpose

of attaining the jurisdictional amount if the defendants are jointly liable to the plaintiff.   *Id*.

Defendant has responded, however, that it need only show $75,000 in controversy, as it is a legal

entity under Texas law and the only real party in interest.   (Doc. 14 at 2-4) (citing case law).

The Court agrees with Defendant.   A "Lloyd's plan" is defined as "an entity engaged in

the business of writing insurance."   TEX. INS. CODE § 941.001.   Moreover, under Texas law,

Lloyd's plans are required to maintain guarantee funds from which to pay obligations that arise

under the insurance policies they issue (TEX. INS. CODE § 941.201); are represented by an

attorney in fact that has the power to execute insurance policies for the Lloyd's plan (TEX. INS.

CODE 941.052); and have the ability to bring suit and be sued.   *See* FED. R. CIV. P. 17(b); *Gaunt*

*v. Lloyds Am. of San Antonio*, 11 F.Supp. 787, 790 (W.D. Tex.1935) (Texas Lloyd's plans "may

be sued in their collective name and bound by any judgment rendered against them in that

name.").

In addition, the statute that allowed lawsuits to be brought against Lloyd's plan

underwriters was repealed by the Texas Legislature in 1987.   *See* Acts 1951, 52nd Leg., ch. 491,

*repealed by* Acts 1987, 70th Leg., ch. 46, § 12, eff. Sept. 1, 1987 (formerly Art. 18.17 of the

Texas Insurance Code that stated "[a]ction on any policy or contracts of insurance made by the

attorney for the underwriters may be brought against the attorney or against the attorneys and the

underwriters or any of them.").   The fact that Lloyd's plan underwriters were removed as

potential defendants in the re-enactment of Article 18.17 "imports a conclusive presumption"

that the Legislature intended to exclude the underwriters as defendants in a suit on the policy.

*See Gately v. Humphrey*, 254 S.W.2d 98, 101 (Tex. 1952).

Furthermore, "for unincorporated associations such as partnerships, limited partnerships, labor unions, and limited liability companies, courts have consistently looked to the individual members of the association for complete diversity purposes, but at the association itself as an entity for amount in controversy purposes." *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 WL 4649653 *6 (S.D.Tex. October 10, 2008) (citing case law). Courts have consistently followed the same pattern for Texas Lloyd's plans. *Id.* (citing case law).

The undersigned recognizes that this holding conflicts with that of another magistrate judge of this Court. *See Etan Indus., Inc. v. The Travelers Lloyds Ins. Co.*, No. 3:07-CV- 1580, 2008 WL 1869216 (N.D. Tex. Apr. 28, 2008). Nonetheless, the undersigned respectfully concludes, as did the court in *Cronin*, that the *Etan* holding does not take into consideration that "a Texas Lloyd's plan is a distinct legal entity under Texas law, and that the underwriters of the Lloyd's plan insurer [are] neither defendants nor real parties in interest." *Id.* at *7.

It is undisputed that there is at least $75,000 in controversy in this case. Defendant has submitted Plaintiff's pre-suit demand letter, demanding payment of the policy limit, to establish the amount in controversy. (Doc 1-1 at 23). Pre-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co.*, 134 F.3d at 1254 (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)(considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceed the jurisdictional amount). Accordingly, the Court finds the requirement of $75,000 in controversy is satisfied.

7

## IV. CONCLUSION

Having found that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332, the Court **RECOMMENDS** that Plaintiff's *Motion to Remand* be **DENIED**.

**SIGNED** on September 1, 2011.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE